IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA JAMESBAER WAGNER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 15-103 |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 23rd day of May, 2016, upon consideration of Plaintiff's Motion for Summary Judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Acting Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may

neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred by: (1) failing to find that Plaintiff's impairments do not meet the criteria of Listing 12.04; (2) failing to evaluate properly Plaintiff's credibility; (3) improperly evaluating certain medical opinions; and (4) failing to pose a hypothetical question to the Vocational Expert ("VE") that accurately reflects Plaintiff's residual functional capacity ("RFC"). The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

First, Plaintiff argues that that ALJ erred in finding that Plaintiff's impairments do not meet the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, at Step Three of the sequential analysis. Specifically, Plaintiff asserts that the ALJ's "finding is incorrect with regard to section 12.04 and that his impairments, singly and in combination, do meet or medically equal the criteria of the listings in this section." (Doc. No. 13, at 5). Indeed, because the ALJ found that Plaintiff has several severe impairments, including borderline intellectual functioning, anxiety, dysthymic disorder, and depression with psychotic features, Plaintiff does have a condition or conditions that could potentially qualify as an affective disorder under Listing 12.04. (R. 13). Plaintiff argues that the evidence establishes that his condition or conditions meet the requirements of Listing 12.04.

The statute provides that the level of severity for the disorders of Listing 12.04 "is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04. As the ALJ explained in his analysis of this issue, in order to satisfy the paragraph B criteria of Listing 12.04, Plaintiff's impairments had to result in at least two of four of the following limitations: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. (R. 14). The Court notes that the ALJ then adequately discussed Plaintiff's various symptoms and his treatment, but ultimately found that the above-stated requirements were not met or medically equaled. (R. 14). The ALJ clearly and thoroughly addressed each of the above elements and concluded that Plaintiff's limitations included the following: mild restrictions in activities of daily living; moderate difficulties in social functioning; moderate difficulties with regard to concentration, persistence, or pace; and that Plaintiff had experienced no episodes of decompensation of extended duration. (R. 14-15). Accordingly, because Plaintiff's mental impairments did not cause at least two marked limitations, or one marked limitation and repeated episodes of decompensation of extended duration, the Court finds that the ALJ appropriately found that the paragraph B criteria of Listing 12.04 were not satisfied. (R. 16). Additionally, there is no evidence, nor does Plaintiff allege, that he meets the paragraph C criteria. (R. 16). Thus, the Court finds no merit in Plaintiff's argument that his impairments meet the severity of Listing 12.04.

Plaintiff's second argument is that the ALJ erred in evaluating his credibility. In support of this claim, Plaintiff contends, in essence, that the ALJ misconstrued the evidence of record. In determining whether a claimant is disabled, the ALJ must consider all of a claimant's symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. See 20 C.F.R. §§ 404.1529(a), 416.929(a). A claimant's subjective complaints of symptoms alone are not sufficient to establish disability. See id. In evaluating a claimant's subjective complaints, the ALJ must consider, first, whether the claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms he alleges. See 20 C.F.R. §§ 404.1529(b), 416.929(b). Once an impairment is found, the ALJ then must evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which those symptoms limit his ability to work. See 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii) (factors relevant to symptoms can include daily activities, medications and medical treatment).

In his decision, the ALJ discussed, at significant length, Plaintiff's medical treatment and Plaintiff's own statements in connection with his alleged impairments. The ALJ found that Plaintiff has a number of severe impairments, as set forth, supra. (R. 13). However, upon review of all the evidence of record, the ALJ ultimately found that the evidence as a whole simply does not support the extreme limitations Plaintiff alleges.

Plaintiff, on the other hand, contends that the ALJ's position is contrary to the evidence of record. Specifically, Plaintiff cites records from Glade Run Lutheran Services, which he says document "continual episodes of decompensation." (Doc. No. 13, at 8). The Court notes that "episodes of decompensation" are defined as "exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning . . . . that would ordinarily require increased treatment or a less stressful situation . . . . and may be inferred from medical records showing significant alteration in medication; or documentation of the need for a more structured psychological support system (e.g., hospitalizations, placement in a halfway house, or a highly structured and directing household)." 20 C.F.R. Part 404, Subpart P, App. 1, § 12.00(C)(4). The evidence cited by Plaintiff does not indicate the existence of any such episodes.

Plaintiff also claims that the ALJ misinterpreted the evidence of record because the ALJ cited to a psychiatrist note from late 2012 showing that Plaintiff's mood was good and that he was stable, but the ALJ did not reference therapist notes from near that time frame which seemed to indicate a regression in his progress. Plaintiff, however, takes the ALJ's comment out of context. The notes to which the ALJ referred in this instance were included in the ALJ's discussion of Plaintiff's medications. Since such medications were prescribed by Plaintiff's psychiatrist, not by his therapist, it was appropriate for the ALJ to focus on the prescribing psychiatrist's notes in this section of his discussion. (R. 19). Moreover, the ALJ did make repeated references to Plaintiff's therapy notes in his decision, including these very notes that Plaintiff cites. (R. 15, 18). Although it appears that the ALJ mistakenly stated that the November note at issue was dated 2011 rather than 2012, the notes that the ALJ discussed directly before and after that November note are dated October and December of 2012, and the substance of the ALJ's discussion clearly refers to the note from November, 2012. (R. 18).

3

Therefore, the Court does not agree that the ALJ misinterpreted the evidence of record as Plaintiff alleges.

In the end, the ALJ found, after careful consideration of all the evidence, that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" for the reasons he provides in his decision. (R. 18). The Court finds that the ALJ did not err in evaluating Plaintiff's subjective allegations because he thoroughly reviewed them in accordance with the regulations, and he provided sufficient explanation as to why he found those allegations to be not entirely credible.

As to the third issue, the Court finds no merit in Plaintiff's contention that the ALJ improperly weighed the opinions rendered by treating psychiatrist Linda Humphreys, M.D., from September, 2011, and state agency psychologist Sandra Banks, Ph.D., from January, 2012. (R. 53-72, 255-60). It is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). "The law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011). A treating physician's opinion is only entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (quoting 20 C.F.R. § 404.1527(c)(2)). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains [his or] her reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007). A treating physician's opinion on the ultimate issue of disability is not entitled to any "special significance," and an ALJ is not required to accept it since the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Social Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006).

The Court finds that the ALJ did not, as Plaintiff alleges, improperly consider the judgment of Dr. Humphreys in formulating Plaintiff's RFC. Rather, the ALJ fulfilled his duty as fact-finder to evaluate Dr. Humphreys' opinion, considering a number of factors, and in light of all the evidence presented in the record. See 20 C.F.R. §§ 404.1527, 416.927. In fact, the ALJ specified that he was giving Dr. Humphreys' opinion "little weight," but he explained that her opinion was provided at the beginning of Plaintiff's treatment, "and later progress notes from Dr. Humphries [sic] discussed above show [Plaintiff] experiences stabilization and improvement with medication compliance." (R. 20). The ALJ further emphasized that Dr. Humphreys did not at some later time state that Plaintiff is disabled or provide a medical source statement inconsistent with his RFC. (R. 20). The ALJ also noted that Dr. Humphreys' opinion was not consistent with the GAF scores indicating no more than moderate symptoms or limitations, and that her opinion was offered on a form for the Pennsylvania Department of Public Welfare in order to determine Plaintiff's eligibility for state assistance benefits, not to determine disability under the Social Security Act. (R. 20). See 20 C.F.R. §§ 404.1504, 416.904 (explaining that a decision by another agency about whether a claimant is disabled is based on that agency's own

rules, and not on social security law, so any such determination is not binding on the Commissioner).

Moreover, the opinion of Dr. Humphreys at issue here consists of a "Report of Physical/Mental Examination" that was simply filled out by the doctor. (R. 255-260). The form largely consists of options to check and blanks to be filled in by hand. The Court of Appeals for the Third Circuit has stated that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). Thus, the Court notes that, to a certain degree, Dr. Humphreys' opinion lacks significant discussion, explanation or details to justify her statements contained therein. Regardless, the Court finds, however, that the ALJ sufficiently explained his reasons for giving Dr. Humphreys' opinion less than controlling weight.

Plaintiff also appears to contend that the ALJ erred in relying on the opinion of state agency psychologist Sandra Banks, Ph.D., in formulating Plaintiff's RFC. (R. 53-72). In his determination, the ALJ pointed out that Dr. Banks' opinion, from January, 2012, found Plaintiff to have "no more than moderate limitations in any work-related function." (R. 20). The ALJ gave Dr. Banks' opinion "great weight," noting that that opinion "is generally consistent with treating psychiatrist records which show the claimant's mood was good and he denied auditory hallucinations when he was taking his medication, as well as GAF assessments from his treatment providers of 52 to 59, indicating no more than moderate symptoms or limitations." (R. 20). Although Plaintiff would prefer that the Court disregard Dr. Banks' opinion, the Court of Appeals for the Third Circuit has stated that, in making an RFC determination, an ALJ may give more weight to a non-examining professional's opinion if that opinion is better supported by the record. See Salerno v. Comm'r of Soc. Sec., 152 Fed. Appx. 208 (3d Cir. 2005) (affirming an ALJ's decision to credit the opinion of a non-examining state agency reviewing psychologist, rather than the opinions of a treating physician and a consultative examiner). As in Salerno, the record here establishes that the ALJ was likewise entitled to give more weight to the state agency examiner's opinion than to that of a treating physician, and the Court finds that substantial evidence supports the ALJ's decision to give significant weight to the opinion of Dr. Banks.

The Court further notes that the ALJ also gave "some weight" to the January, 2012, opinion of consulting psychologist Mark N. Snyder, M.A. (R. 20). Dr. Snyder administered intelligence testing to Plaintiff and concluded that he "had no limitations understanding, remembering and carrying out instructions, slight limitations interacting appropriately with the public, and no more than slight limitations in other workplace functions." (R. 20). While the ALJ noted that Dr. Snyder's opinion is consistent with an overall finding that Plaintiff can work, the ALJ also cautioned that his "therapist and psychiatric progress notes show [Plaintiff] experiences somewhat greater, though not disabling, limitations." (R. 20). Therefore, the ALJ formulated an RFC that "is in fact more restrictive than the medical source statement provided by Dr. Snyder." (R. 20).

Thus, upon review, the Court finds that the ALJ properly discharged his duty to address not just Dr. Humphreys' opinion, or Dr. Banks' opinion, but also the other evidence presented in the record. Throughout his decision, the ALJ clearly considered all the relevant evidence,

provided discussion of the evidence to support his evaluation, and ultimately concluded that certain opinions of record were not supported by the evidence as a whole. Thus, the Court finds that substantial evidence supports the ALJ's evaluation of the various opinions presented and his decisions as to the weight he gave to those opinions in making his ultimate determinations regarding Plaintiff's RFC.

Finally, the Court finds no merit in Plaintiff's argument that—because the ALJ allegedly failed to include all the limitations supported by the record in his RFC—the hypothetical question to the VE was incomplete. In fact, the hypothetical question to the VE must accurately portray the claimant's impairments, but such question need only reflect those impairments that are adequately supported by the record. See Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984); Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). In this case, the Court finds that the ALJ's hypothetical question to the VE fully accommodated the limitations that were supported by the record, which were also properly included in the RFC. (R. 49-50).

As discussed, supra, the ALJ accounted for the limitations supported by the record when he asked the VE to assume an individual of Plaintiff's age, education and work experience who has no exertional limitations, but such individual would be limited to simple and repetitive tasks involving routine work processes and settings not involving high stress (high stress being defined as high quotas or close attention to quality production standards), would not be able to work in an environment where there would be crowds of people, would not be able to engage in teamwork or team-type activities, would not be able to work with the general public, and would not be able to work in an environment that would put him alone with children. (R. 49-50). Considering these limitations, the VE testified that such an individual could return to his previous jobs as construction laborer and car detailer. (R. 50).

Plaintiff argues, however, that the ALJ should have instead relied upon the VE's responses to the ALJ's follow-up questions. Those hypothetical questions included additional limitations of an inability to regularly report to work, being off-task ten to fifteen percent of the time, and reacting inappropriately to supervisors. (R. 50-51). While he did pose those follow-up questions at the administrative hearing, when the ALJ ultimately formulated Plaintiff's RFC, he concluded that such additional restrictions did not need to be included therein. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (explaining that your RFC "is the most you can still do despite your limitations"). Thus, the Court finds that the ALJ relied upon the response to an appropriate hypothetical question which included those limitations, properly portrayed in the RFC, that were supported by the record. The Court concludes, therefore, that the ALJ's Step 5 determination is supported by substantial evidence.

In sum, the ALJ addressed all relevant evidence in the record, including full consideration of the opinion evidence, and he thoroughly discussed the basis for his RFC finding. After careful review of the record, the Court finds that the ALJ did not err in concluding that Plaintiff's impairments failed to meet the severity of Listing 12.04. Additionally, the Court finds that there is substantial evidence to support the ALJ's reasons for not giving controlling weight to certain opinion evidence in the record, as well as his decision to give greater weight to other opinion evidence in reaching his final determination. Finally, the Court finds that the ALJ did

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion Summary Judgment (Doc. No. 10) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED.

                                                s/Alan N. Bloch
                                                United States District Judge

ecf:        Counsel of record

---

not err in assessing Plaintiff's credibility, nor did the ALJ err in posing his hypothetical question to the VE. Accordingly, the Court affirms.